UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                       )<br>              Plaintiff,                      )<br>                                                       )<br>       v.                                           )<br>                                                       )<br>PETER WORLEY                          )<br>                                                       )<br>              Defendant.                  )<br>_____) | CASE NO.05-401M<br><br>DETENTION ORDER |

<u>Offense charged</u>: The Complaint charges this Defendant with Conspiracy to Distribute Marijuana in violation of title 21 U.S.C. Sections 841 (a)(1);841(b)(1)(B) and 846.

<u>Date of Detention Hearing</u>: August 17, 2005

The court, having conducted a contested detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the Defendant can meet will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

DETENTION ORDER
PAGE -1-

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the Defendant committed the offense of Conspiracy to Distribute Marijuana for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.).

(2) Therefore, there is a rebuttable presumption against the Defendant's release based upon both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(3) Using the factors below, nothing in this record satisfactorily rebuts the presumption against release.  Under Title 18 § 3142 (g), the court considered:

    (A) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug .

    (B) The weight of the evidence against the person .  The Complaint describes a transfer of hockey bags filled with marijuana from this defendant's car into the truck of co-defendant, Frank H. Hoffert.  This transfer was surveilled by federal agents.

    (C) The history and characteristics of the person, including the following: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history.

    In this case the Defendant is an Australian citizen living in Canada.  He has lived in Canada for the past seven years.  He currently is on medical

|    |     |                                                                                           |
|----|-----|-------------------------------------------------------------------------------------------|
| 1  |     | leave from work as a hook tender with a logging company in Canada.                        |
| 2  |     | His ties are not to th is district, however and as such the court considers               |
| 3  |     | him a flight risk.   He has no criminal history and thus, the posting of a                |
| 4  |     | reasonable amount of bail may obviate any flight risk, however to date                    |
| 5  |     | none has been posted.                                                                     |
| 6  | (4) | Based upon the foregoing information, it appears that there is no condition or            |
| 7  |     | combination of conditions that would reasonably assure future Court                       |
| 8  |     | appearances and/or the safety of other persons or the community.                          |
| 10 |     | **It is therefore ORDERED**:                                                              |
| 11 | (l) | The Defendant shall be detained pending trial and committed to the custody of             |
| 12 |     | the Attorney General for confinement in a correction facility separate, to the            |
| 13 |     | extent practicable, from persons awaiting or serving sentences or being held in           |
| 14 |     | custody pending appeal;                                                                   |
| 15 | (2) | The Defendant shall be afforded reasonable opportunity for private consultation           |
| 16 |     | with counsel;                                                                             |
| 17 | (3) | On order of a court of the United States or on request of an attorney for the             |
| 18 |     | Government, the person in charge of the corrections facility in which the                 |
| 19 |     | Defendant is confined shall deliver the Defendant to a United States Marshal              |
| 20 |     | for the purpose of an appearance in connection with a court proceeding; and               |
| 21 | //  |                                                                                           |
| 22 | //  |                                                                                           |
| 23 | //  |                                                                                           |
| 24 | //  |                                                                                           |
| 25 | //  |                                                                                           |
| 26 | //  |                                                                                           |

DETENTION ORDER
PAGE -3-

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 18th day of August, 2005.

*/s/ M. J. Benton*
Monica J. Benton
United States Magistrate Judge

DETENTION ORDER
PAGE -5-